Ruth Watzelhan, an Infant, by William Watzelhan, Her Guardian ad Litem, Appellant, v. New York Telephone Company, Respondent.— Order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Hirschberg, Burr, Thomas and Carr, JJ.

Frederick W. Wunderlich, Respondent, v. Frank Alexe, Appellant.— Judgment reversed and new trial granted, costs to abide the event, on the ground that the counterclaim set forth in the answer of the defendant states sufficiently a cause of action. Jenks, P. J., Hirschberg, Thomas and Carr, JJ., concurred.

Timothy F. Allen, Appellant, v. Alfred E. Smith and Others, Composing the Board of Trustees of the Village of Bronxville, Respondents.— Motion for leave to appeal to the Court of Appeals granted. Present — Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ.

Helen W. Biggs, Respondent, v. Sea Gate Association, Appellant.— — Motion for reargument denied, without costs. Present — Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ.

Charles E. Bowman, Appellant, v. Alfred P. W. Seaman and Others, Appellants.— Motion to resettle order granted, so that the judgment shall be affirmed with one bill of costs to be paid to the defendant Seaman. Present — Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ.

James N. Butterly, Respondent, v. James A. Deering, Appellant.— Motion granted, without costs. Present — Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ. Settle order before Thomas, J.

Catholic Foreign Missions Society of America, Inc., Plaintiff, v. Joseph Oussanie and Others, Defendants.— Appeal dismissed, without costs. Present — Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ.

Herbert W. Cramp, Plaintiff, v. Chester A. Dady and Another, Defendants.— Motion denied, with ten dollars costs. The court did not overlook the provisions of section 1001 of the Code of Civil Procedure. That applies only to a case where an interlocutory judgment has been entered and "further proceedings must be taken before the court or a judge thereof, or a referee, before a final judgment can be entered." So far as the defendants claiming through Rachel Munroe and Phœbe Hendrickson are concerned, no further proceedings must be taken. By whatever name designated as to them, the judgment is not interlocutory but final, and *Brown* v. *Feek* (204 N. Y. 238) is conclusive upon this point. (See, also, *Matter of Halsey*, 93 N. Y. 48.) Present — Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ.